UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



03-21096

BRENDA TORRELLAS,

    Plaintiff,

vs.

CAREPLUS MEDICAL CENTERS LLC.,
a Florida limited liability company,

    Defendant.
_____/

CASE NO.

MAGISTRATE JUDGE



## FLSA COMPLAINT

COMES NOW, Plaintiff, BRENDA TORRELLAS, by and through her undersigned attorney and sues Defendant, CAREPLUS MEDICAL CENTERS, LLC., a Florida limited liability company, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff brings this action to recover money damages for unpaid minimum wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff, BRENDA TORRELLAS, is a resident of Miami-Dade County.

3. Defendant, CAREPLUS MEDICAL CENTERS, LLC, is a Florida limited liability company, having its main place of business in Miami-Dade County, Florida, and was at times material hereto, doing business in that county.

## COUNT I
## UNPAID WAGES
## FLORIDA LABOR STANDARDS ACT

4. Plaintiff realleges and reavers paragraphs 1 through 3 as fully set forth herein.

5. Plaintiff, BRENDA TORRELLAS, was employed by Defendant, CAREPLUS MEDICAL CENTERS, LLC, in an activity affecting commerce, as a medical assistant, a non-exempt employee.

6. This action is brought by Plaintiff to recover from the Employer unpaid minimum compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq. In determining the amount of minimum wages owed to Plaintiff, the Court also has jurisdiction to determine all of Plaintiff's unpaid wages.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per

annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

Plaintiff realleges and reavers the allegations set forth in paragraphs 1 though 8 and further states:

9. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be "promptly" paid his wages and minimum wages of at least $5.15 per hour.

10. Defendant terminated Plaintiff on or about March 2003. Defendant failed to pay Plaintiff the agreed upon compensation due to her for the days of March 10-12, 2003. Plaintiff has repeatedly demanded that she be paid her wages, and Defendant continues to refuse to pay the same.

11. The failure to pay Plaintiff any wages constitutes a violation of the FLSA since the FLSA requires that Plaintiff be paid "promptly," and that he be paid the required minimum amount for the hours that he worked for Defendant.

12. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff minimum wages as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests double damages and reasonable attorney's fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum and regular wages owing to Plaintiff, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

>THE LAW OFFICES OF
>EDDY O. MARBAN
>Ocean Bank Building, Suite 350
>782 N.W. LeJeune Road
>Miami, Florida 33126
>Telephone (305) 448-9292
>Facsimile (305) 448-2788
>E-mail address: emarban@aol.com
>
>By: _____
>      EDDY O. MARBAN, ESQ.
>      Fl. Bar No. 435960

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03-21096

Case 1:03-cv-21096-DLG   Document 1   Entered on FLSD Docket 05/02/2003   Page 5 of 5

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BRENDA TORRELLAS

**DEFENDANTS**
CAREPLUS MEDICAL CENTERS, LLC
a Florida limited liability company

MAGISTRATE JUDGE
GARBER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 03-21096civDLG Galer

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Eddy O. Marban, Esq. (305) 467-3558
782 N.W. LeJeune Road, Suite 350
Miami, Florida 33126

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 362 Personal Injury – Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury – Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **A LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | A☐ 535 Death Penalty | **B SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | B☐ 540 Mandamus & Other | ☐ 861 HIA (1395ff) | A OR B |
|  |  | B☐ 550 Civil Rights | ☐ 862 Black Lung (923) |  |
|  |  | B☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405(g)) |  |
|  |  |  | ☐ 864 SSID Title XVI |  |
|  |  |  | ☐ 865 RSI (405(g)) |  |
|  |  |  | **FEDERAL TAX SUITS** |  |
|  |  |  | A☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  |  |  | A☐ 871 IRS – Third Party 26 USC 7609 |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. ss 201-219 et seq.

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 5,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JUDGE _____  DOCKET NUMBER _____

DATE  4-30-03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  JUDGE 881591  MAG. JUDGE _____
05/02/03